UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

DARREN LINDSAY,
  a/k/a "DJ,"
DORIAN BYRD,
  a/k/a "Dee,"
ANTOINE KOEN,
  a/k/a "Twon,"
ROBERT OJEDA,
  a/k/a "Mini,"
ONITAYO ARE,
  a/k/a "Oni,"
INDIGO GRANT, and
PATRICIA KONCO,
  a/k/a "Flacca,"

  *Defendants.*

PROTECTIVE ORDER

21 Cr. 441 (KMK)

---

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**1. Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if

prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Such disclosure material produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2. Confidential Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media.

3. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or

(b) Prospective witnesses for purposes of defending this action.

4. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. If there is a dispute between the parties concerning the Government's Confidential Material designation of certain discovery materials, the parties shall meet and confer without prejudice to a subsequent application by defense counsel seeking de-designation of such materials by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further order of the Court. The Government shall bear the burden of establishing good cause for its Confidential Material designation of any disputed materials. Pending resolution by the Court, the parties shall comply with any Confidential Material designation.

**Disclosure and Production of Seized ESI**

7. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, or other devices and storage media.

3

8. The Government is authorized to disclose to the defense, for use as permitted in this Order, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). Where appropriate, the Government may designate some or all of the seized ESI disclosure material as "Confidential Material." The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, shall not further disseminate or disclose any such portion of the seized ESI disclosure material except as otherwise set forth under this Order.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

[Continued on next page.]

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____/s/ Nic B_____     Date: _____7/22/2021_____
Nicholas S. Bradley
Assistant United States Attorney

_____/s/ John S. Wallenstein_____     Date: 7/27/2021
John Wallenstein, Esq.
Counsel for Darren Lindsay


_____     Date: _____
Steven Feldman, Esq.
Counsel for Dorian Byrd


_____     Date: _____
Howard Tanner, Esq.
Counsel for Antoine Koen


_____     Date: _____
Stephen Lewis, Esq.
Counsel for Robert Ojeda


_____     Date: _____
Michael Burke, Esq.
Counsel for Onitayo Are

5

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: *[signature]*                                     Date:           7/22/2021
Nicholas S. Bradley
Assistant United States Attorney


_____                          Date: _____
John Wallenstein, Esq.
Counsel for Darren Lindsay

*[signature]*                                        Date:        July 23, 2021
Steven Feldman, Esq.
Counsel for Dorian Byrd


_____                          Date: _____
Howard Tanner, Esq.
Counsel for Antoine Koen


_____                          Date: _____
Stephen Lewis, Esq.
Counsel for Robert Ojeda


_____                          Date: _____
Michael Burke, Esq.
Counsel for Onitayo Are

5

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____          Date: _____7/22/2021_____
Nicholas S. Bradley
Assistant United States Attorney


_____              Date: _____
John Wallenstein, Esq.
Counsel for Darren Lindsay


_____              Date: _____
Steven Feldman, Esq.
Counsel for Dorian Byrd


_____              Date: _7/21/21_____
Howard Tanner, Esq.
Counsel for Antoine Koen


_____              Date: _____
Stephen Lewis, Esq.
Counsel for Robert Ojeda


_____              Date: _____
Michael Burke, Esq.
Counsel for Onitayo Are

5

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____/s/ Nik B_____   Date: _____7/22/2021_____
Nicholas S. Bradley
Assistant United States Attorney


_____   Date: _____
John Wallenstein, Esq.
Counsel for Darren Lindsay


_____   Date: _____
Steven Feldman, Esq.
Counsel for Dorian Byrd


_____   Date: _____
Howard Tanner, Esq.
Counsel for Antoine Koen

___/s/_____   Date: _____7/26/21_____
Stephen Lewis, Esq.
Counsel for Robert Ojeda


_____   Date: _____
Michael Burke, Esq.
Counsel for Onitayo Are

5

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____/s/ Nick B_____     Date: _____7/22/2021_____
Nicholas S. Bradley
Assistant United States Attorney


_____     Date: _____
John Wallenstein, Esq.
Counsel for Darren Lindsay


_____     Date: _____
Steven Feldman, Esq.
Counsel for Dorian Byrd


_____     Date: _____
Howard Tanner, Esq.
Counsel for Antoine Koen


_____     Date: _____
Stephen Lewis, Esq.
Counsel for Robert Ojeda


_____/s/ Michael Burke_____     Date: ____7/23/21____
Michael Burke, Esq.
Counsel for Onitayo Are

5

---
Henry Mazurek, Esq.
Counsel for Indigo Grant

Date: _____

---
*(signature)*
Francis O'Reilly, Esq.
Counsel for Patricia Konco

Date: 7/23/21

SO ORDERED:

Dated:   White Plains, New York
         _____

---
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

6

_____          Date: __8/2/2021__
Henry Mazurek, Esq. / Ilana Haramati, Esq.
Counsel for Indigo Grant


_____          Date: _____
Francis O'Reilly, Esq.
Counsel for Patricia Konco


SO ORDERED:

Dated:   White Plains, New York

       8/2/21
_____                  _____
                                   THE HONORABLE KENNETH M. KARAS
                                   UNITED STATES DISTRICT JUDGE
                                   SOUTHERN DISTRICT OF NEW YORK

6